**UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT**
Thurgood Marshall U.S. Courthouse   40 Foley Square, New York, NY 10007 Telephone:  212-857-8500

### MOTION INFORMATION STATEMENT

Docket Number(s): **15-2686**                              Caption [use short title]

Motion for:  **Release Pending Appeal**            **Whitman v. United States of America**

Set forth below precise, complete statement of relief sought:

Plaintiff-appellant seeks release from his sentence of incarceration pending this Court's review

of his section 2255 petition.  He is presently in a half-way house with approximately five

months remaining before his term is completed.  Due to the exigent circumstances,

stated within his motion, plaintiff-appellant Whitman will waive a reply to the

government's response.  He would request that the court order the response to be filed in no more

than seven days, with oral argument scheduled at the Court's earliest convenience.

MOVING PARTY: **Doug Whitman**                   OPPOSING PARTY: **United States of America**

- [ ] Plaintiff                    [ ] Defendant
- [x] Appellant/Petitioner         [ ] Appellee/Respondent

MOVING ATTORNEY: **Dennis P. Riordan**          OPPOSING ATTORNEY: **Christine Magdo, AUSA**
[name of attorney, with firm, address, phone number and e-mail]

**Riordan & Horgan**                            United States Attorney's Office - Southern District of New York

**523 Octavia Street, San Francisco, CA 94102**  One St. Andrews Plaza, New York, NY 10007

**(415) 431-3472; dennis@riordan-horgan.com**   (212) 637-2297; Christine.Magdo@usdoj.gov

Court-Judge/Agency appealed from:  **U.S. District Court, Southern District of New York (Judge Jed S. Rakoff)**

**Please check appropriate boxes:**

Has movant notified opposing counsel (required by Local Rule 27.1):
- [x] Yes [ ] No (explain): _____

Opposing counsel's position on motion:
- [ ] Unopposed [x] Opposed [ ] Don't Know

Does opposing counsel intend to file a response:
- [x] Yes [ ] No [ ] Don't Know

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUNCTIONS PENDING APPEAL:**

Has request for relief been made below?                    [ ] Yes [ ] No
Has this relief been previously sought in this Court?      [ ] Yes [ ] No
Requested return date and explanation of emergency: _____

Is oral argument on motion requested?   [x] Yes [ ] No  (requests for oral argument will not necessarily be granted)

Has argument date of appeal been set?   [ ] Yes [x] No  If yes, enter date: _____

**Signature of Moving Attorney:**
/s/ Dennis P. Riordan            Date: January 7, 2016      Service by: [x] CM/ECF   [ ] Other [Attach proof of service]

**Form T-1080** (rev. 12-13)

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

| | |
|---|---|
| DOUG WHITMAN, | ) No. 15-2686 |
| | ) (SDNY New York City |
| Plaintiff-Appellant, | )   No. 15-cv-6635) |
| | ) |
| vs. | ) **PLAINTIFF-APPELLANT** |
| | ) **WHITMAN'S MOTION** |
| UNITED STATES OF AMERICA, | ) **FOR RELEASE PENDING** |
| | ) **APPEAL** |
| Defendant-Appellee. | ) |
| _____ | ) |

Dennis P. Riordan          Alexandra A.E. Shapiro
RIORDAN & HORGAN      SHAPIRO ARATO LLP
523 Octavia Street           500 Fifth Avenue, 40th Floor
San Francisco, CA 94102    New York, NY 10110
Telephone: (415) 431-3472   Telephone: (212) 257-4880
Fax: (415) 552-2703          Fax: (212) 202-6417
E-mail: dennis@riordan-horgan.com   E-mail: ashapiro@shapiroarato.com

Theodore Sampsell-Jones
WILLIAM MITCHELL COLLEGE OF LAW
875 Summit Avenue
St. Paul, MN 55105
Telephone: (415) 846-5485
ted.sampselljones@mitchellhamline.edu

Attorneys for Plaintiff-Appellant DOUG WHITMAN

## INTRODUCTION

Plaintiff-appellant Douglas Whitman hereby requests that he be released pending this Court's review of his § 2255 petition.  Mr. Whitman is currently serving the final five months of his sentence for insider trading in a half-way house, but his conviction was fatally undermined by this Court's decision in *United States v. Newman*, 773 F.3d 438 (2d Cir. 2014).  Following *Newman*, Mr. Whitman filed a motion under § 2255 requesting a new trial.  The district court—which has recently in various forums expressed outright hostility to the *Newman* decision— denied his petition and also denied a certificate of appealability.

This Court, however, disagreed.  Finding that the § 2255 petition presented a substantial question that may entitle Mr. Whitman to a new trial, a motions panel of Judges Sack, Chin, and Carney granted a certificate of appealability on December 8, 2015.

Mr. Whitman then returned to the district court, as he was required to do, to request release pending his appeal.  Consistent with its previous ruling that Mr. Whitman would not present this Court with a substantial question of law, on December 30th the district court denied that request, principally on the ground that appellant was unlikely to prevail on the merits of his appellate claim. Mr. Whitman thus requests that this Court grant him release while it considers his appeal. Otherwise, Mr. Whitman will complete his sentence before his appeal is decided,

denying him the possibility of meaningful relief. Given that his conviction is likely to be overturned in light of *Newman*, he should be given interim relief immediately.

## BACKGROUND

Mr. Whitman was convicted of insider trading charges in 2012. The government was required to prove that the tipper received a "personal benefit" in exchange for disclosing insider information. At Mr. Whitman's trial, over the defense's objection, the jury was instructed that "just maintaining or furthering a friendship" constitutes a "personal benefit." In presenting its evidence and argument to the jury, the government relied heavily on that theory.

Mr. Whitman was sentenced to a term of 24 months' imprisonment. He appealed, but this Court affirmed his conviction. *United States v. Whitman*, 555 Fed. App'x 98 (2d Cir. 2014). The Supreme Court subsequently denied his petition for certiorari, though two justices noted troubling aspects of his case. *Whitman v. United States*, 135 S. Ct. 352 (2014) (statement of Scalia, J., respecting denial of certiorari).

In December of 2014, shortly after Mr. Whitman completed his direct appeal, this Court decided *Newman*. *Newman* clarified the meaning of "personal benefit"—and it rejected the "maintaining a friendship" theory that had been used not only in this case but in many insider trading cases. The decision thus called in

to question numerous convictions.  The government unsuccessfully sought rehearing en banc and then certiorari.  *Newman* is thus firmly established as the law of this Circuit. The government recognized that fact when it moved to vacate a number of convictions obtained under the "friendship" theory that *Newman* later disapproved.

Mr. Whitman filed a § 2255 motion requesting a new trial in light of *Newman*.  The district court, which has made no secret of its disdain for the *Newman* decision,[1] not only denied the motion but did so in terms expressing ridicule for his claims.  It then denied his request for a certificate of appealability, once again opining that Mr. Whitman's claims were frivolous. (See Exhibit A, the order of the district court denying release pending appeal [hereafter "Order.")

Mr. Whitman then moved this Court for a certificate of appealability before this Court.  *See Whitman v. United States*, No. 15-2686, Dkt. No. 6 (2d Cir.). Upon review of that motion, this Court disagreed with the district court and granted Mr. Whitman a certificate of appealability. (*Id*., Dkt. No. 32)

---

[1] The same district judge who presided over Mr. Whitman's trial and decided his § 2255 motion has repeatedly criticized *Newman* in other cases.  *See, e.g*., *United States v. Salman*, -- F.3d --, 2015 WL 4068903 (9th Cir. July 6, 2015) (Rakoff, J., sitting by designation); *United States v. Gupta*, No. 11-Cr-907, 2015 WL 4036158 at *2 (S.D.N.Y. July 2, 2015); *S.E.C. v. Payton*, No. 14-Civ-4644, 2015 WL 1538454 at *4 (S.D.N.Y. April 6, 2015).

Mr. Whitman returned to the district court to request release pending appeal.[2] Reiterating its skepticism of his *Newman*-based claims, the district court denied his request. Mr. Whitman therefore requests that this Court grant him release pending its review of his petition.

## AUTHORITY TO GRANT RELEASE

Release pending direct appeal is governed by 18 U.S.C. § 3143(b). That statute does not explicitly authorize release pending review of a § 2255 motion, but this Court has held that courts nonetheless have inherent authority to order such release. *Mapp v. Reno*, 241 F.3d 221, 226 (2d Cir. 2001); *Ostrer v. United States*, 584 F.2d 594, 597 n.1 (2d Cir. 1978); *see* Fed. R. App. P. 23.

A court considering a release application should consider whether the defendant is a flight risk or danger to the community. In this case, those questions are easily answered. Neither the government nor the district court has ever contended that Mr. Whitman is either a flight risk or a danger. Throughout his criminal proceedings, Mr. Whitman consistently complied with release conditions, and throughout his period of incarceration, he has been an exemplary prisoner.

In addition, a prisoner seeking release must demonstrate that his petition raises "substantial claims", *Mapp*, 241 F.3d at 226, and that his case is an

---

[2] Under this Court's case law, defendants seeking release pending appeal are required to make their request to the district court in the first instance. *See United States v. Hochevar*, 214 F.3d 342, 343-44 (2d Cir. 2000).

"unusual" case or a case presenting "exceptional circumstances" justifying release, *Ostrer*, 584 F.2d at 597 n.1. Those factors are disputed in this case. For the reasons below, however, Mr. Whitman submits that the district court applied the wrong standard when it analyzed those factors, and that release is warranted in the interests of justice.

## ARGUMENT

### A. Mr. Whitman's Petition Presents Substantial Questions

#### 1. The District Court's Erroneous Standard

The district court held that release is only warranted where a defendant can show a "high probability of success" in his appeal. (Order at 2-4.) Noting that its view of the merits of Mr. Whitman's petition had not changed since it issued its original denial, the district court ruled that he could not meet that very high standard. (*Id*. at 4-5.)

But the district court applied the wrong standard. Even aside from the fact that the district court's view of this case was colored by its opposition to *Newman*, the district court erred in requiring Mr. Whitman to show a "high probability of success." Rather, what is required is the showing of a "substantial claim."

The standard for release pending a collateral attack comes from Justice Douglas's opinion in *Aronson v. May*, 85 S. Ct. 3 (1964). He wrote in order to obtain release, a defendant must show that his petition presents "substantial

questions." *Id.* at 5. The *Aronson* opinion never suggested that showing a "substantial question" means showing a "high probability of success." The Supreme Court has never used that language in addressing the standard for release.

This Court applied the *Aronson* standard in *Ostrer*—it held that a defendant must show that his appeal presents "substantial questions." 548 F.2d at 599 (quoting *Aronson*). Since then, this Court has consistently stated that a defendant must show that he has "substantial claims." *Mapp*, 241 F.3d at 226 ("The petitioner must demonstrate that the habeas petition raise[s] substantial claims . . . .") (internal quotation marks omitted); *Grune v. Coughlin*, 913 F.2d 41, 44 (2d Cir. 1990) ("a petitioner is not entitled to bail absent a substantial claim . . . ."); *Iuteri v. Nardoza*, 662 F.2d 159, 161 (2d Cir. 1981) (stating that an application for release must show "substantial claims"). This Court has never held that a petitioner must show a high probability of success. In fact, other than in a single footnote quoting a district court case from another circuit,[3] this Court has never even used that language.

Nonetheless, numerous district courts in this Circuit have applied a more difficult standard, requiring a "high probability of success." That standard was

---

[3] *See Mapp*, 241 F.3d at 226 n.5 (quoting *Tam v. INS*, 14 F.Supp.2d 1184, 1190 (E.D. Cal. 1998)).

apparently borrowed from other circuits, especially the Ninth Circuit.[4]  But what

the Ninth Circuit actually requires is *either* "special circumstances *or* a high

probability of success."  *United States v. Mett*, 41 F.3d 1281, 1282 (9th Cir. 1994)

(emphasis added) (internal quotation marks omitted).[5]  Some lower courts,

including the district court in this case, have started requiring *both* extraordinary

circumstances *and* a high probability of success.  That is not the law in the Ninth

Circuit—and it is certainly not the law in the Second Circuit.  What the Supreme

Court and this Court have held is that a defendant seeking release must show

"substantial questions" or "substantial claims."

### 2.    *Mr. Whitman's Claims*

Mr. Whitman's motion under § 2255 presents substantial questions and

substantial claims.  In fact, this Court has already determined that his appeal

presents substantial questions.  In order to receive a certificate of appealability, a

defendant seeking to appeal the denial of a § 2255 petition must demonstrate "a

substantial showing of the denial of a constitutional right."  *Miller–El v. Cockrell*,

---

[4] *See, e.g.*, *Williams v. United States*, 2001 WL 984911 at *1 (E.D.N.Y. July 11, 2001) (citing and quoting *United States v. Mett*, 41 F.3d 1281 (9th Cir. 1995)); *Harris v. United States*, 1997 WL 272398, at *l (S.D.N.Y. May 21, 1997) (same). The district court here relied on that line of cases in denying Mr. Whitman's request for release.

[5] *See also Pfaff v. Wells*, 648 F.2d 689, 693 (10th Cir. 1981) (explaining that "a showing of exceptional circumstances must be made for such relief, *or* a demonstration of a clear case on the merits of the habeas petition") (emphasis added).

537 U.S. 322, 327 (2003) (quoting 28 U.S.C. § 2253(c)(2)). In granting Mr. Whitman's motion for a COA, this Court thus necessarily found that he has made a substantial showing of the denial of a constitutional right.

In any event, even if a high probability of success is required, Mr. Whitman's appeal meets that standard as well. In assessing the initial merits of Mr. Whitman's claims, it is worth remembering the overall posture of this case. It is undisputed that this Court's decision in *Newman* invalidated the "friendship" theory of personal benefit and the jury instruction given at Mr. Whitman's trial. It is undisputed that the government relied on that theory at Mr. Whitman's trial. It is also undisputed that, as a rule of substantive law defining the scope of a criminal statute, *Newman* applies retroactively on collateral attack.

The primary question that *is* disputed is whether Mr. Whitman's *Newman* claim is procedurally defaulted because he failed to raise it in his direct appeal. That is the basis on which the district court denied his § 2255 petition (and his request for a COA, and his request for release). But as the Supreme Court has held, the "novelty" of a legal issue constitutes cause that excuses a failure to raise an issue. *Reed v. Ross*, 468 U.S. 1, 16 (1984); *accord Strickler v. Greene*, 527 U.S. 263, 283 n.24 (1999). The government itself has repeatedly argued that *Newman* was a novel decision that altered the meaning of personal benefit. In that respect, the government is quite correct—*Newman* was a watershed case. And precisely

8

because it was a novel ruling, Mr. Whitman did not default his *Newman*-based claims by failing to raise them in his direct appeal.

In the alternative, if Mr. Whitman's *Newman* claims are procedurally defaulted, then his appellate counsel rendered ineffective assistance by failing to challenge the personal benefit instruction given at trial. Without conducting any inquiry into the reasons for appellate counsel's glaring omission, the district court dismissed this possibility as "absurd," primarily because Mr. Whitman was represented by a famous appellate attorney at an expensive law firm. But reputation does not guarantee competence in every instance. Raising frivolous instructional claims while simultaneously forgoing meritorious instructional claims is not competent performance by a criminal appellate attorney. As the Supreme Court has stated, "a single, serious error may support a claim of ineffective assistance of counsel." *Kimmelman v. Morrison*, 477 U.S. 365, 383 (1986); *see also Chandler v. United States*, 218 F.3d 1305, 1316 (11th Cir. 2000) (en banc) ("Just as we know that an inexperienced lawyer can be competent, so we recognize that an experienced lawyer may, on occasion, act incompetently.").

Mr. Whitman's appeal is likely to succeed on the merits. And at a minimum, it presents a substantial question—which is the proper standard for a decision on release pending appeal.

**B.     This Case Presents Special Circumstances**

Contrary to the district court's analysis, what separates release pending a §
2255 appeal from release pending a direct appeal is not a near *certainty* of success
on the merits—as opposed to a substantial claim, in this case very substantial
indeed. Rather the added requirement is that of special circumstances.  As the
Supreme Court explained fifty years ago, "In this kind of case it is therefore
necessary to inquire whether, in addition to there being substantial questions
presented by the appeal, there is some circumstance making this application
exceptional and deserving of special treatment in the interests of justice."
*Aronson*, 85 S. Ct. at 5.  Or as this Court has put it, release is reserved for
"unusual" or "special" cases.  *Mapp*, 241 F.3d at 226.

There is no particular definition of what counts as special circumstances
justifying release.  Other courts have found, for example, that a delay in the appeal
process or a serious deterioration in the prisoner's health constitute special
circumstances.  *See Salerno v. United States*, 878 F.2d 317, 317 (9th Cir. 1989).
But the question is ultimately an equitable one—whether release is warranted "in
the interests of justice."  *Aronson*, 85 S. Ct. at 5.

In this case, several special circumstances are present.  First, as explained in
the letter submitted under seal to the district court (Exhibit B to this petition, also

filed under seal in this Court), the defendant has special family circumstances that justify release. The district court opined that the "circumstances described in the submission are not unusual for someone who is incarcerated and are not sufficiently extraordinary to justify release pending the outcome of Whitman's habeas petition." (Order at 7) The circumstances outlined in the sealed letter, however, concern specific injuries or losses to Mr. Whitman and members of his family that will likely occur during his remaining five months of confinement. Those losses and injuries will be ameliorated if Mr. Whitman is now released, but could prove irreparable if he is not. On the other hand, there is no question that the government's interest in having Mr. Whitman complete the brief remainder of his sentence of incarceration will be satisfied if his present appeal is unsuccessful. With due respect to the district court, Mr. Whitman's present circumstances are in fact "unusual for someone who is incarcerated."

Second, the timing of the appeal and the expiration of his sentence also justify release. Again, Mr. Whitman's sentence of incarceration expires in May of 2016. There is no chance that his appeal will be decided before then. If he prevails, he will be left without meaningful relief from what this Court will have found to be a term of illegal confinement, the very injustice at which habeas corpus is directed. Release is thus "necessary to make the habeas remedy effective."

*Ostrer*, 584 F.2d at 597 n.1 (quoting *Calley v. Callaway*, 496 F.2d 701, 702 (5th Cir. 1974)).

The district court rejected this argument because it "proves too much" and would result in a flood of prisoner releases. (Order at 6.) Again, with due respect to the district court, the number of federal prisoners in the entire country who

> (1) are the beneficiaries of a recent appellate ruling that subsequently has found by the same court to raise a substantial challenge to those prisoners' convictions;
>
> (2) are in the final months of their terms;
>
> (3) and have urgent family circumstances that could be remedied by their immediate release, a release which would pose no risk of flight or danger to the community

could probably be counted on one hand. The district court also ruled that to grant Mr. Whitman relief would "inequitably prefer him to others similarly situated." (*Id*. at 2.) But Mr. Whitman is entitled to have his bail application considered on its own independent merits. And more fundamentally, if there are indeed a few other prisoners who meet the *Aronson* criteria for release as clearly as Mr. Whitman, they too should be entitled to that release.

//

//

12

## CONCLUSION

Release pending the resolution of a § 2255 motion is rare—and it should be rare, reserved for special cases.  But rare does not mean nonexistent.  Mr. Whitman's § 2255 motion presents substantial questions and there are special circumstances justifying relief.  The district court nonetheless rejected Mr. Whitman's request for release, but its ruling was once again colored by its intense disagreement with this Court's holding in *Newman*.  Mr. Whitman therefore respectfully requests that this Court grant him release in the interests of justice.

Dated:  January 6, 2016    Respectfully submitted,

          DENNIS P. RIORDAN
          RIORDAN & HORGAN

          ALEXANDRA A.E. SHAPIRO
          SHAPIRO ARATO LLP

          THEODORE SAMPSELL-JONES


          /s/ Dennis P. Riordan
          DENNIS P. RIORDAN

          Attorneys for Plaintiff-Appellant
          DOUG WHITMAN

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------x
UNITED STATES OF AMERICA,                    :

                    -v-                      :        12 Cr. 125 (JSR)
                                             :        15 Cv. 6635
                                             :
                                             :        MEMORANDUM ORDER
DOUG WHITMAN,                                :

                    Defendant.               :
-------------------------------------x

JED S. RAKOFF, U.S.D.J.

        On August 20, 2012, following a three-week trial,

petitioner Doug Whitman was convicted by a jury of two counts

of conspiracy to commit securities fraud and two counts of

substantive securities fraud. In so doing, the jury found that

Whitman, a second-level tippee, traded and conspired to trade

on material non-public information that he received from two

direct tippees of insiders at three publicly traded companies

-- insiders who, Whitman knew, received or expected to receive

personal benefits in return. On January 24, 2013, the Court

sentenced Whitman to 24 months' imprisonment and one year of

supervised release. *See* Judgment in a Criminal Case, 12-cr-125,

ECF No. 122. The Second Circuit affirmed Whitman's conviction

on direct appeal. *See United States v. Whitman*, 555 F. App'x 98

(2d Cir. 2014).

        On March 25, 2015, Whitman moved for habeas relief under

28 U.S.C. § 2255 on the ground that the Court's jury

instruction on the "personal benefit" element of an insider

trading violation was erroneous in light of the Second

Circuit's subsequent decision in *United States v. Newman*, 773
F.3d 438 (2d Cir. 2014). The Court, in a July 22, 2015
Memorandum Order, denied Whitman's habeas petition, reasoning
that Whitman had failed to raise this issue during his direct
appeal and that he had not established cause for his procedural
default. *See* Memorandum Order, 12-cr-125, ECF No. 189. On
August 5, 2015, the Court denied Whitman's motion for a
certificate of appealability pursuant to 28 U.S.C. § 2253(c).
*See* Order, 12-cr-125, ECF No. 190. Whitman subsequently moved
in the Court of Appeals for a certificate of appealability and
that motion was granted by order dated December 8, 2015. *See*
*Whitman v. United States*, 15-2686 (2d Cir.), ECF No. 32.

   Now before the Court is Whitman's motion for release
pending resolution of his § 2255 petition from the "half-way
house" where he is serving the conclusion of his sentence. The
Government opposes. While the Court is not unsympathetic to
Whitman's request, it is quite clear that he does not meet the
requirements for such release, so that granting him such relief
would inequitably prefer him to others similarly situated.

   The Court has the "inherent power to release on bail a
habeas petitioner who challenges his detention after a criminal
conviction," but "[t]he standard . . . is a difficult one to
meet": "The petitioner must demonstrate that the habeas

2

petition raise[s] substantial claims and that extraordinary
circumstances exist[] that make the grant of bail necessary to
make the habeas remedy effective." *Mapp v. Reno*, 241 F.3d 221,
223, 226 (2d Cir. 2001). Whitman contends, without citation to
any pertinent authority, that "[t]he standard for obtaining
such relief is related to the § 3143 [statutory] standard" for
bail pending direct appeal. Pet'r's Br. at 2, 12-cr-125, ECF
No. 193. But as this Court and others in this District have
held, "the standard for release on bail under 28 U.S.C. § 2255
is even higher than under 18 U.S.C. § 3143(b)," requiring "a
demonstrated likelihood that the petition will prevail, based
upon claims of a substantial nature upon which the petitioner
has a high probability of success . . . so that victory for
petitioner can be predicted with confidence." *United States v.
Yarmoluk*, 1997 WL 642564, at *1 (S.D.N.Y. Oct. 17, 1997)
(internal quotation marks omitted); *Beras v. United States*,
2012 WL 2148986, at *1 (S.D.N.Y. June 12, 2012) ("Judges in
this district have ruled that this high hurdle requires that
the petitioner show a 'demonstrated likelihood the petition
will prevail' such that the petitioner has a 'high probability
of success.'"); *Harris v. United States*, 1997 WL 272398, at *1
(S.D.N.Y. May 21, 1997) ("The plain wording of 18 U.S.C. § 3143

shows that it does not apply to motions for bail during the pendency of a § 2255 habeas corpus petition.").

Whitman argues that by virtue of the Court of Appeals' having granted his motion for a certificate of appealability, the Court of Appeals has necessarily found that Whitman has made a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), such that "reasonable jurists could debate" the merits of his habeas petition. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) ("[A] substantial showing of the denial of a right . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." (internal quotation marks omitted)).

But as the above-quoted words indicate, the issuance of a certificate of appealability is not tantamount to a showing that "the petitioner has a high probability of success" on appeal, which is the relevant standard for present purposes. *Yarmoluk*, 1997 WL 642564, at *1. Whitman has presented nothing to change this Court's view -- explained in its July 22, 2015 Memorandum Order -- that Whitman procedurally defaulted his argument that the Court's jury instruction was effectively

4

invalidated by *Newman*. And Whitman does not even address the
merits of his alternative ground for his § 2255 petition --
*viz.*, that his highly regarded prior appellate counsel provided
Whitman with constitutionally defective assistance of counsel
by failing to challenge the Court's "personal benefit"
instruction on appeal. The Court finds that claim as absurd
today as it did when it rejected it in its July 22 Memorandum
Order. As such, Whitman has failed to meet his burden of
demonstrating a "likelihood that the petition will prevail,
based upon claims of a substantial nature upon which the
petitioner has a high probability of success . . . so that
victory for petitioner can be predicted with confidence." *Id.*
That alone is a sufficient basis on which to deny the instant
motion.[1]

Independently, moreover, the motion must also be denied
for failure to present the "extraordinary circumstances" that a

---

[1] Whitman points to the fact that the Second Circuit recently
granted an emergency motion for release pending an appellant's
direct appeal that arguably raised similar issues under *Newman*.
*See United States v. Riley*, 15-1541 (2d Cir.), ECF No. 34. But
in light of its very different procedural posture, *Riley* is
inapposite. As noted, "the standard for release on bail under
28 U.S.C. § 2255 is even higher than under 18 U.S.C. § 3143(b)"
for release pending direct appeal. *Yarmoluk*, 1997 WL 642564, at
*1. While § 3143(b) requires a finding that an appeal "raises a
substantial question of law or fact likely to result in" relief
for the defendant, a motion for release pending the outcome of
a habeas petition requires the demonstration of a "high
probability of success." *Beras*, 2012 WL 2148986, at *1.

petitioner seeking such exceptional relief is required to show.
Whitman first argues that this case is highly unusual because a
certificate of appealability has issued. But that wrongly
conflates the "extraordinary circumstances" prong of the
analysis with the "substantial claims" prong of the analysis.
In any case, as explained above, the issuance of a certificate
of appealability does not suffice to warrant release in this
case.

Next Whitman asserts that this case is extraordinary
because he has only several months left on his sentence, such
that his incarceration will almost certainly have concluded by
the time his appeal has been resolved.[2] Whitman contends that
release is thus "necessary to make the habeas remedy
effective." *Mapp*, 241 F.3d at 226. This argument proves too
much, however, for, if accepted, "every prisoner nearing the
end of a term could bring a successful bail motion in
connection with a habeas petition." *Jackson v. Bennett*, 2002 WL
126679, at *1 (S.D.N.Y. Jan. 30, 2002) (internal quotation
marks omitted) (rejecting a substantially similar argument made
by a similarly situated petitioner). This Court agrees with
those courts that have determined that nearing the end of a

_____

[2] Whitman's projected release date from the half-way house in
which he is currently confined is May 29, 2016.

6

prison term does not qualify as an "extraordinary circumstance"
for purposes of this analysis. *See id.*; *Harris*, 1997 WL 272398,
at *1 ("The fact that Harris's post-petition incarceration will
have been without just basis if his petition eventually
succeeds does not constitute an extraordinary[] circumstance
entitling him to bail."). Nor will Whitman's appeal have been
for naught in the event that he prevails on appeal after he
finishes serving his sentence, as the vacatur of his conviction
-- were it to come to pass -- will almost certainly have
favorable collateral consequences for the petitioner.

Finally, Whitman contends that this case presents unusual
circumstances warranting release because certain of his family
members are "experiencing great difficulty in their lives" and
"would benefit from his release from the half-way house while
his appeal is pending." Pet'r's Br. at 7. While the Court has
reviewed the submission filed under seal by defense counsel and
assumes its representations to be true (notwithstanding their
double-hearsay nature), the circumstances described in the
submission are not unusual for someone who is incarcerated and
are not sufficiently extraordinary to justify release pending
the outcome of Whitman's habeas petition.

Accordingly, for the foregoing reasons, the Court hereby
denies Whitman's motion. The Clerk of the Court is directed to

close the motion at docket number 193 of the criminal docket
captioned above.

       SO ORDERED.

Dated:     New York, New York
           December **30**, 2015

                                 JED S. RAKOFF, U.S.D.J.

8